UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIER LAONE WHITE,

Plaintiff,

v.

HAILEY BAETZ et al.,

Defendants.

Case No. 1:25-cv-1062

Honorable Jane M. Beckering

# OPINION

This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. In a previous order, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 5.)[1] Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint for failure to state a claim for the reasons detailed below.

[1] The Court notes that Plaintiff was incarcerated when he initiated this action, but that Plaintiff was not incarcerated when the Court granted Plaintiff leave to proceed *in forma pauperis*.

**Discussion**

## I. Factual Allegations

Plaintiff filed this suit while he was detained at the Newaygo County Jail. (Am. Compl., ECF No. 9, PageID.25.) But Plaintiff's place of confinement during the events described in the amended complaint was the Ingham County Jail. (*Id.*) Plaintiff sues the following Ingham County Jail staff: Deputy Hailey Baetz, Deputy Kim King, Lieutenant Unknown Brown, Sheriff Scott Wrigglesworth, and Deputy Unknown Party #1. (*Id.*)

In Plaintiff's amended complaint,[2] he alleges that on March 19, 2023, Defendant Unknown Party #1 ordered Plaintiff and two other prisoners to go in their cell which was "covered in blood." (*Id.*, PageID.26.) Plaintiff alleges that there was blood on the toilet, sink, floor, walls, and bunk. (*Id.*) Plaintiff pushed the emergency button to inform "them" that there was blood in the cell that had not been cleaned up. (*Id.*) Defendant Unknown Party #1 told the prisoners that her shift was ending and they had to stay in the cell until the next shift. (*Id.*) Plaintiff then repeatedly pushed the emergency button to tell Defendants Baetz, King, and Unknown Party #1 that the cell conditions were inhumane and unhealthy. (*Id.*) Plaintiff made "several" attempts to get moved to a different cell or to have the cell cleaned, at which point Defendants Baetz, King, and Unknown Party #1 brought the prisoners a "mop and rags" and told the prisoners to clean it up themselves. (*Id.*) Plaintiff responded that they should not have to clean up another inmate's blood, but Defendants King, Baetz, and Unknown Party #1 said they were going to change shifts in 30 minutes and that

[2] Plaintiff filed his initial complaint on September 8, 2025. (ECF No. 1.) In an order entered on June 22, 2026, the Court directed Plaintiff to file an amended complaint because his original complaint "fail[ed] to provide any factual allegations regarding the conditions that he was forced to clean up, aside from the allegation that it contained another inmate's blood." (Order, ECF No. 6.) On July 16, 2026, Plaintiff filed a motion for extension of time to file his amended complaint, (ECF No. 7), which the Court granted. (ECF No. 8.) Plaintiff filed an amended complaint on August 11, 2026. (ECF No. 9.)

was all they were going to do for the prisoners. (*Id.*) Plaintiff requested bleach, gloves, and a mask "numerous times" but was denied by Defendants Baetz, King, and Unknown Party #1. (*Id.*)

Plaintiff's complaint suggests that he filed a grievance on March 19, 2023. (*Id.*, PageID.26, 27.) Plaintiff alleges that Defendant Baetz admitted to Defendant Brown that they had denied the prisoners proper protective equipment, a cell move, and hazardous material bags. (*Id.*, PageID.26.) Defendant Brown "stated in the grievance . . . [']Put inmates and staff at risk and made environment unsafe for us due to lack of training in which she was the command officer in charge of operations on that day.[']" (*Id.*, PageID.27.) Plaintiff alleges that Defendant Wrigglesworth[3] did not properly train staff on how to handle this situation involving blood. (*Id.*)

Based on the foregoing allegations, Plaintiff raises Eighth Amendment conditions of confinement claims. Plaintiff seeks injunctive relief and monetary damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

[3] Plaintiff names Scott Wrigglesworth as a Defendant in this case. (Am. Compl., ECF No. 9, PageID.25.) In the body of his complaint, Plaintiff refers to "Scott Wriggle." (*Id.*, PageID.27.) The Court construes "Scott Wrigglesworth" and "Scott Wriggle" to be the same person.

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims

Plaintiff sues all named Defendants in both their individual and official capacities. (Am. Compl., ECF No. 9, PageID.25.) Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). An official capacity suit is to be treated as a suit against the entity itself. *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *see also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent,"

and the suit is not against the official personally. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *see also Graham*, 473 U.S. at 165–66.

Ingham County may not be held vicariously liable for the actions of their employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell*, 436 U.S. at 694. Instead, a county or municipality is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire*, 330 F.3d at 815. "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, Plaintiff's suit against the named Defendants—employees at the Ingham County Jail—in their official capacities necessarily intends to impose liability on the county. But Ingham County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick*, 563 U.S. at 60; *Harris*, 489 U.S. at 392; *Monell*, 436 U.S. at 694. Instead, a county is

liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. Plaintiff has not alleged that an official policy or custom caused him to allegedly be kept in a cell that was "covered" in blood without sufficient cleaning supplies. (*See* Am. Compl., ECF No. 9, PageID.26.) In fact, Plaintiff alleges that the actions of the named Defendants were not the "proper procedure" and did not adhere to "policy and procedures on that issue." (*Id.*, PageID.26, 27.) Therefore, not only does Plaintiff not allege that any policy or custom was the moving force behind his alleged constitutional injuries, but he explicitly alleges that Defendants' actions violated the relevant policies and procedures.

Accordingly, because Plaintiff fails to allege that a policy or custom was the moving force behind the alleged constitutional injury, the Court will dismiss Plaintiff's official capacity claims against the named Defendants.

### B. Eighth Amendment and Fourteenth Amendment Conditions of Confinement Claims—Defendants Baetz, King, and Unknown Party #1

Plaintiff alleges that he was subjected to inhumane and dangerous conditions while confined at the Ingham County Jail. (Am. Compl., ECF No. 9, PageID.26, 28.) Specifically, he alleges that he was placed in a cell that had blood on "the toilet, sink, floor, walls, and bunk." (*Id.*, PageID.26.) Plaintiff alleges that he informed Defendants Baetz, King, and Unknown Party #1 of these conditions, and those Defendants only provided Plaintiff a "mop and rags." (*Id.*) Plaintiff does not specify whether, at the time of the incident, he was in jail awaiting trial or whether this occurred after he had been convicted.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its prohibition of cruel and unusual punishments, the Eighth Amendment places restraints on prison officials, directing that they must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S.

825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Id.* at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011).

If a plaintiff is a pretrial detainee, "[t]he Due Process Clause of the Fourteenth Amendment provides the same protections." *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 727 (6th Cir. 2022) (citing *Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016)). Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). However, in *Kingsley v. Hendrickson*, the United States Supreme Court differentiated the standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause from those brought by convicted prisoners under the Eighth Amendment. 576 U.S. 389, 392–93 (2015). Specifically, the United States Supreme Court held "that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97.

However, *Kingsley* left unanswered the question of "whether an objective standard applies in other Fourteenth Amendment pretrial-detainment context[s]." *Brawner*, 14 F.4th at 592. Subsequently, in *Brawner*, the Sixth Circuit modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness. *Id.* at 592, 596. At issue in *Brawner* was a pretrial detainee's claim for deliberate indifference to medical needs. The Sixth Circuit held that to show deliberate indifference, "[a] pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* at 596–97

(quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)); *see also Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 316–17 (6th Cir. 2023) (affirming that *Kingsley*, as interpreted by *Brawner*, required courts to "lower the subjective component from actual knowledge to recklessness"). That is, a pretrial detainee must show that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted). Further, a pretrial detainee must still show that he faced a sufficiently serious risk to his health or safety to satisfy the objective prong. *Cf. Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (stating that "*Brawner* left the 'objectively serious medical need' prong untouched").

Here, regardless of which constitutional provision applies, although Plaintiff has by no means proven his claim, the Court will not dismiss Plaintiff's Eighth Amendment and Fourteenth Amendment conditions of confinement claims against Defendants Baetz, King, and Unknown Party #1 in their individual capacities at this stage of the proceedings.

### C. Claims Against Defendants Wrigglesworth and Brown

Plaintiff alleges that Defendant Wrigglesworth did not "not properly train[] staff on how to handle bloodborne pathogen, and policy and procedures on that issue." (Am. Compl., ECF No. 9, PageID.27.) Additionally, Plaintiff alleges that Defendant Brown "was the command officer in charge of operations on that day" and that she later responded to a grievance by acknowledging that inmates and staff were put at risk "due to lack of training."[4] (*Id.*) Plaintiff does not allege that

[4] Plaintiff's complaint contains very limited information regarding the referenced grievance. For example, Plaintiff does not allege that he was the one who filed the grievance and does not indicate the result of this grievance. (*See* Am. Compl., ECF No. 9, PageID.26–27.) Given the minimal allegations regarding this referenced grievance, the Court does not construe Plaintiff's allegations as raising a Fourteenth Amendment Procedural Due Process Clause claim regarding this grievance.

Defendants Wrigglesworth or Brown had any direct involvement in the placement of Plaintiff in the allegedly blood-covered cell on March 19, 2023, or in the response to Plaintiff's complaints.

As an initial matter, Plaintiff's claims against Defendants Wrigglesworth and Brown are entirely conclusory and are not supported by any *factual* allegations.

Moreover, to the extent that Plaintiff seeks to hold Defendants Wrigglesworth and Brown liable due to their supervisory positions, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee* [*v. Luttrell*], 199 F.3d [295,] 300 [(6th Cir. 1999)] (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff does not allege that Defendants Wrigglesworth or Brown "implicitly authorized, approved, or knowingly acquiesced" in the conduct of Defendants Baetz, King, or

Unknown Party #1. *See Peatross*, 818 F.3d at 242. Plaintiff's lone allegation, without supporting facts, against Defendant Wrigglesworth is that he failed to properly train others. (Am. Compl., ECF No. 9, PageID.27.) The Sixth Circuit held that a supervisory official's failure to train the offending individuals is not actionable unless that supervisory official encouraged or directly participated in the underlying misconduct. *Peatross*, 818 F.3d at 242. Plaintiff does not allege that Defendant Wrigglesworth encouraged or participated in the allegedly unconstitutional conduct of Defendants Baetz, King, or Unknown Party #1. Therefore, Plaintiff's claim that Defendant Wrigglesworth failed to train other Defendants is not actionable. *See id*. Likewise, Plaintiff alleges that Defendant Brown "was the command officer in charge of operations on that day" and that the environment was unsafe "due to lack of training." (Am. Compl., ECF No. 9, PageID.27.) Plaintiff does not allege any facts to show that Defendant Brown encouraged or directly participated in the alleged underlying misconduct. Therefore, Plaintiff's allegations that suggest that Defendant Brown failed "to supervise, control or train the offending individual" fail to state a claim. *See id*.

Accordingly, Plaintiff's allegations fail to state any claim against Defendants Wrigglesworth and Brown, and the Court will dismiss those claims.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Defendants Wrigglesworth and Brown will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims against remaining Defendants Baetz, King, and Unknown Party #1. Plaintiff's individual capacity Eighth Amendment claims against Defendants

Baetz, King, and Unknown Party #1 remain in the case. The Court will serve the complaint on Defendants Baetz, King, and Unknown Party #1.

An order consistent with this opinion will be entered.

Dated: August 26, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge